The Court at General Term (after stating the facts as . above), said :—“ The whole line of this proposed testimony is clearly immaterial, for, admitting the charge of negligent and unskillful construction, the defendant’s measure of damages can only be either the difference in value between the product of plaintiff’s negligent and unskillful work, and the house as it should have been, or else the cost of remedying the defects, and, if time was of the essence of the contract, loss of rental value during the time required to make the necessary alterations. Unless time was of the essence of the contract, which does not appear, it was not legally within the contemplation of the parties that the house should be rented before it was placed completed in the possession of the defendant. And in no aspect of the case as disclosed by the pleadings, can the plaintiff be held responsible for the loss of a year’s rent upon a lease, with the making of which he had nothing to do. All damages which, from a legal point of view, were not within the contemplation of the parties at the time of the making of the contract, are too remote (Sparks v. Bassett, 49 Super. Ct. 270).”
George Carlton Comstock, for appellant.
Lord, Day & Lord, for respondent.
Opinion by Freedman, J.; Van Vorst, J., concurred.
Order affirmed, with costs, &c.